IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00134-RJC-DSC

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JACQUELINE DAVIS FROST,** | ) |
| **CYNTHIA DICKERSON,** | ) |
| **THE REFLECTIONS ASSOCIATION** | ) |
| **OF UNIT OWNERS, INC.,** | ) |
| **JAZ DICKERSON, HENDERSON** | ) |
| **PROPERTIES, INC. AND WILLIAM** | ) |
| **EVANS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings [as to Defendant Frost]" (document #23).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action seeking a declaratory judgment of its rights and responsibilities under an insurance policy issued to Defendant Jacqueline Davis Frost (" Frost"). Plaintiff issued a condominium owners insurance policy to Frost ("the "Policy"). The Policy covers the property

at 8029 Cedar Glen Drive in Charlotte, North Carolina (the "Property"). (Doc. 7 at ¶ 13; Doc. 7-1).  Frost signed the insurance application on February 26, 2015 and the Policy became effective the following day.

The Policy provides in part:

SECTION II – CONDITIONS
…
J. Concealment or Fraud
We do not provide coverage to an insured who, whether before or after a loss, has:
1. Intentionally concealed or misrepresented any material fact or circumstance;
2. Engaged in fraudulent conduct; or
3. Made false statement;
relating to this insurance.

Document #7-1 at 40.  Plaintiff contends that Frost submitted a fraudulent application for the Policy.  Specifically, Frost falsely stated that the Property would not regularly be unoccupied during the day or evening by all adult residents of the household; that the Property would be her primary residence; and that the Property would be occupied within the next thirty days.  Plaintiff alleges that, in fact, the Property has been abandoned since 2010 or 2011.  Plaintiff relied upon the false statements in issuing the Policy.

On or about August 12, 2015, Defendants Cynthia Dickerson, Jaz Dickerson and William Evans filed a Complaint in Mecklenburg County Superior Court, Case No. 15 CVS 14953 (the "state court action").  They allege that mold and other unsanitary conditions at the Property have damaged their neighboring condominiums. Subsequently, the condominium owners association joined the state court action.

On March 16, 2016, Plaintiff filed this Complaint for a declaratory judgment, alleging that it does not owe a duty to defend or indemnify Frost in the state court action.  In addition to Frost, Plaintiff named the state court Plaintiffs as Defendants in its Amended Complaint.

Frost was properly served with a Summons and copy of the Amended Complaint but failed to respond. Default has been entered against her. See document #22. Defendant Frost has not responded to Plaintiff's Motion which is ripe for determination.

**I. DISCUSSION**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well in resolving a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id..   "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff alleges that Frost made material misstatements in her insurance application.  Frost has not responded to the Amended Complaint, and default has been entered.  Accordingly, Plaintiff's allegations are deemed admitted.   Based upon the clear and unambiguous language of the Policy, Frost is not entitled to insurance coverage.  For those and the other reasons stated in Plaintiff's Motion and supporting brief, the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #23) be granted.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Plaintiff's "Motion for Judgment on the Pleadings" (document #23) be **GRANTED.**

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Defendant Frost, to counsel for the remaining parties, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: November 14, 2016

David S. Cayer
United States Magistrate Judge