UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00134-RJC-DSC

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JACQUELINE DAVIS FROST, CYNTHIA DICKERSON, THE REFLECTIONS ASSOCIATION OF UNIT OWNERS, INC., JAZ DICKERSON, HENDERSON PROPERTIES, INC., and WILLIAM EVANS, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff Allstate Insurance Company's ("Plaintiff") Motion for Judgment on the Pleadings and supporting memorandum, (Doc. Nos. 23 and 24); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 25), recommending that this Court grant the Plaintiff's motion. The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record.

Upon review, the Court concludes that the procedural mechanism used by Plaintiff here is inappropriate. Specifically, Plaintiff seeks a judgment on the pleadings against Defendant Frost, when Defendant Frost has not answered and is in default. See (Doc. No. 22). If Plaintiff wants a judgment against Defendant Frost, it must request a judgment through the proper procedure, in this case, via a motion for default judgment as provided by Rule 55 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55 (providing the procedural remedy for "[w]hen a party against whom

a judgment for affirmative relief is sought has failed to plead or otherwise defend"); see Scottsdale Ins. Co. v. Doe, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014); Poliquin v. Heckler, 597 F. Supp. 1004, 1006 (D. Me. 1984) ("Since the pleadings are not closed until after the defendant has filed an answer, the proper course for a plaintiff in a case in which the defendant has failed to file a timely answer is a motion for default under Rule 55."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.) ("The proper course for the plaintiff in a case in which the defendant fails to answer is to move for a default judgment under Rule 55 rather than seek a judgment on the pleadings.").

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 25), is **NOT ADOPTED**; and
2. Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 23), is **DENIED**.

Signed: August 8, 2017

Robert J. Conrad, Jr.
United States District Judge