UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00134-RJC-DSC

| ALLSTATE INSURANCE COMPANY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JACQUELINE DAVIS FROST, CYNTHIA DICKERSON, THE REFLECTIONS ASSOCIATION OF UNIT OWNERS, INC., JAZ DICKERSON, HENDERSON PROPERTIES, INC., and WILLIAM EVANS, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff Allstate Insurance Company's ("Plaintiff") Motion for Default Judgment and supporting memorandum, (Doc. Nos. 27 and 28).

**I.   BACKGROUND**

This case involves an action where Plaintiff seeks a declaratory judgment against Defendant Frost. (Doc. No. 7). Specifically, Plaintiff asks this Court to clarify that Plaintiff has no obligation to defend Frost in an underlying lawsuit filed in Superior Court of Mecklenburg County, Case No. 15 CVS 14953. (Id.).

Frost signed a Condominium Owner's Policy of Insurance ("the Policy") with Plaintiff under policy number 968989343. (Doc. Nos. 7 ¶ 11, 7-1). The Policy contains a section that states:

> **SECTION II – CONDITIONS**
> …
> **J. Concealment or Fraud**
> We do not provide coverage to an **insured** who, whether before or after a loss, has:

> **1.** Intentionally concealed or misrepresented any material fact or circumstance;
> **2.** Engaged in fraudulent conduct; or
> **3.** Made false statement;
>
> relating to this insurance.

(Doc. 7-1 at p. 40). Plaintiff states that the Policy was issued after accepting Frost's application, (Doc. No. 7-2), which was signed February 26, 2015 and contained assurances that all statements made within were true. (Doc. No. 7 ¶¶17–16). In the Application, Frost stated that the condominium in question would be occupied within the next 30 days and was not "regularly unoccupied during the day or evening by all adult occupants in the household". (Doc. No. 7-2 at 2, 3). Above Frost's signature,1 the application also stated:

> To the best of my knowledge the statements made on this application, including any attachments, are true. I request the Company, in reliance on these statements, to issue the insurance applied for. The Company may recompute the premium shown if the statements made herein are not true. In the event of any misrepresentation or concealment made by me or with my knowledge in connection with this application, the Company may deem this binder and any policy issued pursuant to this application, void from its inception. This means that the Company will not be liable for any claims or damages which would otherwise be covered.

(Doc. No. 7-2 at 4).

In the underlying superior court suit, Defendants Cynthia Dickerson, Jaz Dickerson and William Evans sued Frost alleging that her condominium violated ordinances, emitted noxious odors, was unsanitary, and had remained abandoned since 2010. (Doc. No. 7-3). Pointing to the

---

1   The Court notes that the copy of the Policy attached to Plaintiff's Complaint is corrupted, resulting in a blank box appearing where Frost's signature should be. No party disputes that Frost signed the Policy with Plaintiff, though. In fact, Defendants are attempting to hold Plaintiff to that policy in the underlying superior court action.

dilapidated state of the condominium and the fact that the property was abandoned despite assurances in Frost's application stating otherwise, Plaintiff asserts that Frost "intentionally concealed or misrepresented material facts and circumstances in the Application" and "engaged in fraudulent conduct with respect to the Application." (Doc. No. 7 ¶¶56–57). Because of these material misrepresentations, Plaintiff now argues that they are not liable for any claims under the Policy because it was voided from its inception. (Doc. No. 28 at 7–10).

Defendant Frost has yet to answer Plaintiff's actions before this Court. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff properly sought entry of default, (Doc. No. 21), which the Clerk of Court subsequently granted, (Doc. No. 22). Plaintiff then moved for a Judgment on the Pleadings, (Doc. No. 23), to which the Magistrate Judge issued a recommendation that the Court grant, (Doc. No. 25). However, this Court declined to adopt the M&R because the proper procedure for Plaintiff to follow at this juncture is a Motion for Default Judgement, not a Motion for Judgment on the Pleadings. (Doc. No. 26). The Court now **GRANTS** Plaintiff's Motion for Default Judgment for the reasons below.

## II. STANDARD OF REVIEW

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986)

3

(citations omitted); see also FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Nevertheless, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) ("'[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Entry of default judgment is left to the sound discretion of the trial court. Duke

Energy Carolinas, LLC v. BlackRock Coal, LLC, No. 3:11-cv-616-RJC-DSC, 2012 WL 1067695 (W.D.N.C. Mar. 29, 2012) (granting default judgment in the plaintiff's favor after finding that service of the complaint and summons on defendant was sufficient yet defendant failed to defend); CF Cloninger Trucking IL Inc. v. SourceOne Group, Inc., No. 3:08-cv-00320-FDW, 2009 WL 35191 (W.D.N.C. Jan. 5, 2009) (granting default judgment when defendant failed to defend complaint). Accord Lawbaugh, 359 F.Supp.2d at 421 (granting default judgment for permanent injunction, disgorgement and a civil monetary penalty where defendant failed to answer complaint alleging securities fraud and misappropriation). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974), trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780–81; Gaines, 635 F. Supp. 2d at 416–17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

**III. DISCUSSION**

Plaintiff's well-pleaded allegations in their Amended Complaint, (Doc. No. 7), support the relief sought. The language of the Policy is unambiguous. See Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co., 172 S.E.2d 518, 522 (N.C. 1970) (finding an ambiguous term as one that is "fairly and reasonably susceptible to either of the constructions for which the parties contend."). Frost clearly represented to Plaintiff that the condominium in question: (1) would be occupied within the next 30 days; and (2) was not "regularly unoccupied during the day or evening by all adult occupants in the household." (Doc. No. 7-2 at 2, 3). Furthermore, Frost assured Plaintiff that "the statements made [in the] application, including any attachments, are true." (Id. at 4). The Application acknowledged that Plaintiff would rely on Frost's statements. (Id.). The Application also clearly stated that, "in the event of any misrepresentation or concealment made by [Frost] or with [her] knowledge in connection with this application, [Plaintiff] may deem this binder and any policy issued pursuant to this application, void from its inception. This means that the Company will not be liable for any claims or damages which would otherwise be covered." (Id.).

The Court also finds that Frost's application contained misrepresentations. A defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Here, having been found in default, Defendant Frost admits that the condominium was not her primary residence, it was not occupied within 30 days of the Application, and it was regularly unoccupied. (Doc. No. 7 ¶59).

Frost's misrepresentations were material, too. North Carolina law states that "[a]ll statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, *unless material or fraudulent*,

6

will not prevent a recovery on the policy." N.C. GEN. STAT. ANN. § 58-3-10 (emphasis added). Plaintiff properly points out that "representation in an application for an insurance policy is material "if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." Tharrington v. Sturdivant Life Ins. Co., 443 S.E.2d 797, 800 (N.C. App. 1994). Plaintiff has alleged that they "would not have issued the Policy or would have charged a materially different rate for the Policy had [the misrepresentations] been known." (Doc. Nos. 28 at 10; 7 ¶23). This is evident by the application itself. Not only does this document explicitly state that Plaintiff will rely on the accuracy of Frost's statements, it also asks about the occupancy of the property two separate times. (Doc. No. 7-2 at 2, 4). Clearly Frost's fulltime occupancy of this property was material to Plaintiff in the application process.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 27), is **GRANTED**

Signed: March 6, 2018

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge